105 F.3d 397
 Eric Adam SCHNEIDER, Applicant,
v.
Michael BOWERSOX, Respondent.
Eric Adam SCHNEIDER and Ralph C. Feltrop, on behalf of
themselves and all others similarly situated,
Appellants/Petitioners,
v.
Michael BOWERSOX, Superintendent, Potosi Correctional
Center; Jay Nixon, Missouri Attorney General; Dora
Schriro, Director, Missouri State Department of Corrections;
Mel Carnahan, Missouri Governor, Appellees/Respondents.
 Nos. 97-8004, 97-1092EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 23, 1997.
Decided Jan. 24, 1997.
 
 Appellant pro se.
 Frank Jung, Asst. Atty. Gen., Jefferson, City, MO, argued, for Appellee.
 Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and HANSEN, Circuit Judges.
 RICHARD S. ARNOLD, Chief Judge.
 
 
 1
 Eric Adam Schneider is a prisoner in the custody of the State of Missouri. He has been sentenced to death, and the sentence is scheduled to be carried out at 12:01 a.m. on Wednesday, January 29, 1997. We have before us two separate proceedings in which Mr. Schneider challenges his conviction and sentence and asks us to stay his execution. The history of the case is fully recounted in Schneider v. Delo, 85 F.3d 335 (8th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996). There, we affirmed the District Court's denial of Mr. Schneider's first petition for habeas corpus.
 
 
 2
 The first of the two cases now before us is No. 97-8004, in which Mr. Schneider, pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (April 24, 1996), asks leave to file a successive petition for habeas corpus.[1]
 
 
 3
 We summarize briefly the contentions Mr. Schneider makes in support of his application. As we understand his position, three principal arguments are advanced. First, Mr. Schneider claims that the State wrongfully suppressed evidence that would have been helpful to him at his trial, either to support his contention that he was incapable of forming the mental state necessary to commit the offense, or as mitigation in the penalty phase. In our previous opinion, in connection with a similar contention, we quoted Dr. A.E. Daniel, a forensic psychiatrist who examined Mr. Schneider during his state post-conviction proceedings. We summarized Dr. Daniel's findings as follows: "Dr. Daniel concluded that Schneider's speech, comprehension, thinking, and reasoning abilities were normal." Schneider v. Delo, supra, 85 F.3d at 340.
 
 
 4
 Applicant now contends that, through the fault of the State, complete information was not submitted to Dr. Daniel, and that Dr. Daniel's opinion would have changed if it had been. We assume, for present purposes only, the truth of the charge that certain evidence relevant to Mr. Schneider's mental condition and background was suppressed. Mr. Schneider's position still faces insuperable difficulties. For one thing, the affidavit of Dr. Daniel on which he now relies, in which the affiant gives a somewhat revised opinion based on the allegedly withheld material, is dated October 9, 1991. We know of no reason whatever, and Mr. Schneider alleges none, why this argument could not have been made sooner.[2] It comes too late at this point, even if the case could be judged under the more lenient successive-application standards that preceded the enactment of the new law in April 1996. Second, the affidavit does not say that Dr. Daniel has changed his opinion. It states only that "my conclusion regarding Mr. Schneider might have changed" (emphasis ours). Thus, the new claim, even if it could be considered on its merits, would fail as a substantive matter.
 
 
 5
 Second, Mr. Schneider relies on a proceeding now pending in the Supreme Court of Missouri, State of Missouri v. Ed T. Reuscher, III, No. 73463. In particular, applicant cites the report of the Hon. Charles B. Blackmar, a former Chief Justice of the Missouri Supreme Court, who is acting as special master in the Reuscher case. This report was filed with the Missouri Supreme Court on November 21, 1996. The text of the report is helpfully appended to Mr. Schneider's papers, and we have carefully read and considered it. We do not see that the Reuscher report, even assuming that it is ultimately approved by the Supreme Court of Missouri, is helpful to Mr. Schneider's case. The report is entirely fact-specific, devoted to the particular circumstances of the Reuscher case. We see nothing in the report that would overcome the difficulties in Mr. Schneider's present submission to which we have already referred, and if, as applicant now urges, the Supreme Court of Missouri would now entertain his contentions in a petition for state habeas corpus, applicant's proper course is to file such a petition with the Missouri Supreme Court.
 
 
 6
 Finally, petitioner contends that the recent case of Hill v. Butterworth, 941 F.Supp. 1129 (N.D.Fla.1996), entitles him to an injunction against his execution. As we read Hill, it has nothing to do with Schneider's case. Hill holds that the newly enacted requirements of Chapter 154 of the Judicial Code, added by the 1996 death-penalty statute, do not apply in Florida, because the state has not yet taken steps to qualify itself under that chapter. Assuming for present purposes that Hill was correctly decided, we do not see how it helps Mr. Schneider's cause. On the previous appeal, we did not apply any portion of the new statute. The case was decided under the "old law." In the instant case, whether Schneider's contentions are considered under the substantive standards of the "old law," or under newly amended Chapter 153, he cannot meet the requirements for filing a successive petition. He is attempting to bring forward new facts (the new Daniel affidavit), but no showing has been made why these facts were not previously available to him. Either under the "old law" or under new Chapter 153, this contention cannot succeed. The State of Missouri, to our knowledge, is not claiming that it has adopted procedures (provision of competent counsel and so forth) that would qualify it for the benefits of new Chapter 154. It does not need those benefits to win the present case. Either under the old standards or new Chapter 153 the procedural bars to Schneider's position are insuperable.
 
 
 7
 For these reasons, we conclude that Schneider has not established proper grounds for the filing of a successive application.
 
 
 8
 We also have before us, in No. 97-1092, an appeal from the District Court's dismissal of an action under 42 U.S.C. § 1983, in which two plaintiffs, Mr. Schneider and Ralph Feltrop, who is also under sentence of death in Missouri, asked for an injunction against their executions, as well as an order prohibiting the State from benefiting from the provisions of Chapter 154 of the new law, already referred to. The District Court[3] dismissed this action on January 6, 1997, and we affirm. We have already explained our view that the Hill case, relating as it does solely to Chapter 154 of the new law, has nothing to do with the present situation. In addition, as the District Court aptly observed, a § 1983 action cannot be used to evade the procedural requirements of petitions for habeas corpus. The relief requested in the § 1983 action is precisely the same as that requested in the habeas petition--that the convictions and sentences be set aside. Accordingly, the contentions that the plaintiffs seek to make can be entertained on their merits only if this Court grants leave to file a successive habeas petition, leave which, for reasons already indicated, we are not able to grant. Likewise, the request for mandamus against the District Court must also be denied. Mandamus is not properly available where an appeal will lie, and a notice of appeal has been filed.
 
 
 9
 To summarize: no grounds have been alleged that would justify a successive petition. Leave to file such a petition is denied in No. 97-8004. In the companion case, No. 97-1092, the judgment of the District Court, dismissing the 42 U.S.C. § 1983 complaint filed by Mr. Schneider and Mr. Feltrop, is affirmed, and the petition for writ of mandamus is denied. The motions for stay of execution are also denied. The mandate will issue forthwith.
 
 
 10
 It is so ordered.
 
 
 
 [1]
 Both of the cases before us have been filed by Mr. Schneider pro se. He has received assistance from another inmate, Melvin Leroy Tyler. Mr. Tyler has filed a motion, which Mr. Schneider has adopted by his own signature, requesting appointment of counsel. The motion alleges that Mr. Schneider has no counsel, and that his former appointed counsel will not return his calls. This motion is denied. As recently as January 13, 1997, the Clerk of this Court called Laura Allen, Esq., the court-appointed attorney who represented Schneider in his last appeal, and she has informed the Court that she is continuing to work on the case, and that she intends to file an application for leave to file a successive habeas petition. Ms. Allen has performed diligently in the past. We have no reason to doubt that she will continue to do so. We will act on her application expeditiously when it is received. The action taken today in the two pro se cases presently before us is without prejudice to the application that Ms. Allen intends to file
 
 
 [2]
 Indeed, the affidavit was before us on the former appeal. It was cited in appellant's brief, page 35, although in a different context. The argument pressed now could have been made then
 
 
 [3]
 The Hon. Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri